| | |
|---|---|
| THE MAINSTREET COLLECTION INC., <br><br> Plaintiff, <br><br> v. <br><br> LOIS HALL, and LOIS & FRIENDS LLC d/b/a MOUNTAIN MAMAS, <br><br> Defendants. | ) ) ) ) ) ) **CONSENT PROTECTIVE ORDER** ) ) ) ) ) ) ) |

The Mainstreet Collection, Inc. ("Mainstreet") and Lois Hall, and Lois & Friends, LLC d/b/a Mountain Mamas ("Mountain Mamas"), the parties to the respective above-styled case, believe that certain information encompassed by initial disclosures and anticipated discovery requests constitute information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure or any other applicable Local Rule. This case involves intellectual property rights associated with a monogrammed, polka-dot design and a swirl design. As a result of the allegations and defenses alleged in this action, Mainstreet and Mountain Mamas's believe that certain initial disclosures, answers to interrogatories, documents produced, and responses during discovery and depositions will or may contain sensitive and/or proprietary trade secret information, including but not limited to, information concerning the parties': (1) business plans or trade secrets; (2) product lines; (3) sales figures; (4) distribution channels; and (5) confidential research, development, or commercial plans. Mainstreet and Mountain Mama's believe a protective order is needed to protect this confidential and proprietary information.

THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED that in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, the following confidentiality provisions shall govern all information and documents disclosed through discovery in this action:

1. **Scope:** This Consent Protective Order ("Order") applies to all information, documents (whether in hard copy or computer readable form), things, deposition testimony, interrogatory answers, responses to requests for admission and/or production, or any other information provided via discovery in this action (collectively, "Discovery Material") by any party to this action, any affiliated person or entity, or formerly affiliated person or entity, or any nonparty to the action. Mainstreet and Mountain Mama's agree to use all Discovery Material produced in this action solely for the purpose of prosecuting or defending this litigation and will not use the Discovery Material for any other purpose.

2. **Form of Discovery:** The Discovery Material disclosed in accordance with the terms of this Order includes the matter identified in Paragraph 1 above, designated in accordance with the terms of this Order, and supplied in response to the demands or requests of either party, formally or informally, as well as copies, notes, abstracts, and summaries thereof.

3. **Definition of Confidential Information:** Discovery Material may be designated with two different levels of confidentiality, "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively, "Confidential Information"). Any party may in good faith designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    (a) Discovery Material designated "CONFIDENTIAL" includes any information not publicly available.

(b) Certain types of Discovery Material may be alternatively designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," a designation reserved for: (i) commercial or proprietary information that constitutes, reflects, or concerns trade secrets, know-how, proprietary data, future product designs or plans, research and development plans, present or future business plans, the identities and addresses of a company's customers or client lists, sales information, pricing information and other business, financial, commercial or competitively sensitive information, the disclosure of which is likely to cause harm to the competitive position of the designating party; and (ii) information or data that is likely invasive of an individual's privacy interests.

4. **Restriction on Access to Confidential Matter:** All Discovery Material designated "CONFIDENTIAL" shall be maintained in confidence by the outside counsel of the parties to whom such information is produced or given, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person except:

(a) The Court (including court reporters, stenographic reporters, videographers, and court personnel);

(b) The attorneys of record, their partners, employees, contractors, and associates of outside counsel (collectively, "Outside Counsel");

(c) Up to two officers or employees of the parties in this action; provided, that such officer or employee shall receive such information solely on a "need to know" basis for purposes of prosecuting or defending this litigation and for no other purpose;

(d) Subject to the terms of Paragraph 6 below, experts and their staff and litigation support personnel and their staff retained by Outside Counsel in this litigation;

(e) Reporters or videographers memorializing depositions;

3

(f) Deponents or witnesses whom counsel for an examining party believes in good faith have a need to review such material and who are identified on the face of the document as an author, recipient, or person who has previously seen such Confidential Information or where the evidence shows the Confidential Information had previously been disclosed to or known by such person;

(g) Anyone else to whom the parties consent in writing.

5. **Restriction on Access to Highly Confidential – Attorneys' Eyes Only Material:** All information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be maintained in confidence by the Outside Counsel of the parties to whom such information is produced or given, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person except for those persons identified in subparagraphs (a), (b), and (d) through (g) in Paragraph 4 above.

6. **Limitation on Disclosure to Permitted Persons Under Paragraphs 4 and 5:** Prior to disclosure of Confidential Information to any nonparties (including persons employed to act as outside consultants or experts, translators, interpreters, graphics preparation and presentation consultants, witness preparation consultants, jury consultants, or trial presentation consultants in this action), counsel for the party seeking disclosure shall require such persons to read this Order and execute a Nondisclosure Agreement (attached as Exhibit A), the original of which shall be promptly provided to opposing counsel and a copy served on all other counsel. In addition, counsel for the party seeking disclosure shall comply with the following:

(a) Ten days prior to disclosure to any nonparty, counsel for the party seeking disclosure of Confidential Information, shall provide to opposing counsel and to any nonparty from which the material originated, the name, address and each present employer of such outside

4

consultant or expert, translator, or interpreter. Opposing counsel and/or such nonparty shall then have a period of ten (10) business days after receipt of such information to challenge the disclosure of Confidential Information to such person in this action, by serving a written statement of the challenge upon the party seeking to make the disclosure.

(b)  If no challenge is made by opposing counsel or nonparty counsel within ten (10) business days of receipt of such notification, counsel seeking disclosure of Confidential Information shall be free to make such a disclosure to the designated person(s), provided, however, that counsel for the party seeking disclosure of Confidential Information has otherwise complied with the requirements set forth in Paragraph 6.

(c)  Nothing in this paragraph shall be deemed to enlarge or restrict the right of any party to conduct discovery.

(d)  Nothing in this Order shall be construed as requiring: (i) that routine outside suppliers of litigation-support services such as photocopying, scanning, or coding execute the attached Nondisclosure Agreement; or (ii) that the opposing party utilizing such services must disclose the identity of such service suppliers to the opposing party or counsel.

7.  **Objections to Designation:** Nothing in this Order shall be taken as assent by a nonproducing party that the Discovery Material is in fact Confidential Information or is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. If counsel for the nonproducing party believes that the given designation is not appropriate, counsel for the nonproducing party will notify counsel for the producing party of its belief that the information should not be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or should be disclosable to persons other than those named in Paragraphs 4 and 5 of this Order.

If the parties do not reach agreement on the correct designation for the Discovery Material within twenty (20) business days, the nonproducing party may file a motion with the Court setting forth the nonproducing party's reasons as to why the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is improper. Unless and until the Court issues a ruling that the information may be disclosed to persons other than those named in Paragraphs 4 and 5 above, the Discovery Material in question shall continue to be treated by all parties as designated, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and all provisions of this Order shall be adhered to with respect to the same.

8. **Right to Seek Court Relief:** Nothing in this Order shall preclude any party from applying to this Court for relief from any of the Order's provisions, or from asserting that certain Discovery Material should receive greater confidentiality protection than provided in this Order, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

9. **Manner of Designation:** Subject to Paragraph 10 below, no designation of Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be effective unless there is endorsed or affixed on such Discovery Material a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" notice or a notice of like import. Where practicable, the notice shall be placed near the Bates number. In the case of computer, audiovisual, or other electronic or magnetic medium, such notice shall be placed on the medium and its protective cover, if any. Testimony given at a deposition or hearing may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with Paragraph 15 of this Order. Any designation that is inadvertently omitted from a document or testimony may be corrected by written

6

Case 4:09-cv-00199-FL   Document 29   Filed 07/15/10   Page 6 of 16

notification to opposing counsel, but any disclosure prior to such notification shall not be a violation of this Order.

**10. Inadvertent Failure to Designate Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY":** If, through inadvertence, a producing party or potential third party provides any information without marking the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES' ONLY" information, the producing party may subsequently inform the nonproducing party of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES' ONLY" nature of the disclosed information, and the nonproducing party shall thereafter treat the disclosed information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES' ONLY" information upon receipt of written notice from the producing party.

To the extent consistent with applicable law, the inadvertent or unintentional disclosure and/or production of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by informing the nonproducing party in writing that the material should have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES' ONLY" within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES' ONLY" under this Order.

To the extent the nonproducing party has already disclosed such information, such disclosure shall not be a violation of this Order. But the nonproducing party shall promptly collect any copies of disclosed material that have been provided to individuals other than those authorized under this Order, and shall destroy or return them to the producing party.

11. **Filing Under Seal:** Before filing any Confidential Information with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with producing party's counsel about how the Confidential Information should be filed. If the producing party desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Rule 29.2(e), with notice served upon the producing party. The filing of the materials under Local Rule 29.2(e) is not binding upon the Court. Within ten (10) days of service, the producing party shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party who initially filed the materials with the Court need not file a Motion to Seal or otherwise defend another party's desire that the materials remain sealed. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the producing party does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying: (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment

8

presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

In addition, when a party seeks to file confidential documents, things, and/or information, including confidential portions of any transcript, a party shall submit such materials to the court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order."

Documents submitted under seal in accordance with Paragraph 11 will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a motion to seal, then the materials will be deemed unsealed, without need for order of the Court.

12. **Treatment of Nonparties:** Information produced by nonparties during the course of this action may be designated under this Order by such nonparty or by a party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by following the procedures in this Order, or may be deemed so confidential as not to be disclosed under any circumstances. Information so designated and produced by nonparties shall thereafter be treated by the parties in the same manner as if produced with such designation by a party. A producing nonparty shall have all the rights of a producing party with respect to protection of information under the terms of this Order. The provisions of this Order for challenging the designation by a party are applicable to challenges to designations by nonparties.

9

13. **Use of Confidential Information:** Nothing in this Order shall prevent or restrict: (i) any person from using or disclosing in any manner its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that it has produced or disclosed in this litigation; (ii) any document designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" from being disclosed or used by the person the document identifies as the author or recipient of such document; (iii) any document designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" from being disclosed or used by any person that evidence shows to have already viewed the document or been told of its contents not in violation of the terms of this Order; and (iv) the use of Confidential Information that becomes public knowledge not in violation of this Order.

14. **Effect of Modification by Parties or by Court Order:** Nothing in this Order shall prevent disclosure beyond the terms of this Order of any "CONFIDEDNTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information if the parties to this action and, if applicable, the nonparty from which the material originated, consent, or if the Court, on motion filed by the party seeking to make disclosure, orders that disclosure be made. Any party may at any time request the Court, after notice to the opposing party and to the nonparty from which the material originated, if applicable, to modify or grant relief from any provision of this Order or to place additional restrictions on the use of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

15. **Designation of Depositions:** Confidential Information disclosed at a deposition may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by indicating on the record at the deposition that the information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and is

subject to the provisions of this Order. All such portions of the transcript shall be appropriately marked by the court reporter and shall be treated by the parties as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Testimony in a deposition may also be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by notifying the deposing party in writing within ten (10) days of the receipt of the transcript of those pages and lines or those exhibits that are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as the case may be. No deposition taken in this proceeding may be read by anyone other than the deponent, the attorneys for the parties, and those qualified to see "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material during the ten (10) day period following completion of the transcript unless otherwise agreed upon among the attorneys. Upon being informed that certain portions of a deposition disclose either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, each party must cause each copy of the transcript in its custody or control to be marked immediately.

16. **Violation of Order and/or Nondisclosure Agreement:** Violation by any person of any terms of this Order or of the Nondisclosure Agreement may be punishable as contempt of court. Any person or entity that produces "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in response to a discovery request or subpoena in this action is intended to be a beneficiary of this Order and of the Nondisclosure Agreement and may pursue all available remedies for any violation of this Order. No provision of this Order shall be deemed to require any person or entity not a party to this action to respond to any discovery request or subpoena, except as may otherwise be required by law. Nothing in this Order shall prevent or prohibit any party or nonparty from seeking such additional or further

11

protection, as it deems necessary to protect documents or information subject to discovery in this action.

17. **No Waiver of Rights:** Nothing in this Order or acts taken under this Order shall constitute a waiver or admission that any specific document, material, testimony, or thing: (i) is relevant and subject to discovery; (ii) is or is not a trade secret or other confidential proprietary information; (iii) constitutes or does not constitute confidential records; or (iv) is or is not admissible in evidence at trial or at any hearing.

18. **Privilege/Work Product:** The parties agree to list the following information in their privilege logs: document type, date, author, addressee, copy recipient, brief description of the general subject matter, and privilege claim, i.e., attorney-client privileged and/or work product. Privileged communications and work product of any attorney of record with respect to this litigation that are dated on or after the date of the filing of the original Complaint need not be identified on any privilege log.

In addition, any party that mistakenly produces privileged materials may obtain the return of those materials by promptly notifying the nonproducing party of the privilege and providing a privilege log for any such materials. Additionally, a party or nonparty receiving any document, thing, or information which appears on its face to be privileged shall immediately return any such document, thing, or information. Within three (3) business days of notice or as soon thereafter as reasonably practicable under the circumstances, the nonproducing party, shall notify the producing party in writing that they have: (1) gathered and returned all copies of the privileged material to the producing party; or (2) destroyed the inadvertently produced privileged materials.

**19. Subpoena by a Nonparty:** If a nondesignating party in possession of Confidential Material receives a subpoena from a nonparty to this Order seeking production or other disclosure of any Confidential Information, it shall promptly give written notice to counsel for the designating party, identifying the Confidential Information sought and enclosing a copy of the subpoena, and provide the designating party with a reasonable opportunity to object to disclosure. The nondesignating parties should give at least ten (10) days written notice before producing or otherwise disclosing any Confidential Information. In no event should the nondesignating party produce or disclose any Confidential Information before it gives notice.

**20. Return of Confidential Information:** Upon the final termination of this litigation, including any appeals, the parties have sixty (60) days within which they may petition the Clerk of Court to return to the party which filed them all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, that have been filed under seal with the Court. Any and all originals and copies of Confidential Information shall, at the request of the producing party, be returned to the party within sixty (60) days after a final judgment or settlement of this action, or, at the option of the producing party, destroyed in that time frame, except that Outside Counsel for each party may maintain in its files one copy of each document and all exhibits filed with Court, each deposition transcript together with the exhibits marked at the deposition, all written discovery responses, and documents constituting work product that were internally generated based upon or which include Confidential Information from another party. Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify the producing party of the subpoena so that the latter may protect its interests. In the event that documents are returned to or destroyed at the request of the producing party, the other party or its Outside Counsel shall certify in writing that all such documents have been

returned or destroyed, as the case may be. The parties should agree to reasonable extensions of time to complete the return of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, if necessary.

21. **Duration:** This Order shall continue in full force and effect after the termination of this litigation, including all appeals, and this Court shall retain jurisdiction necessary to enforce the terms of this Order. This Order shall, however, be subject to revocation or modification by order of this Court, upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for a hearing and presentation of evidence should the Court so decide.

22. **Additional Parties:** This Order may apply to any additional parties added to this litigation (whether by supplemental pleading or otherwise) provided that they agree to adhere to and sign the Order and the Nondisclosure Agreement.

SO STIPULATED AND AGREED:

| **COATS & BENNETT, PLLC**<br>**Attorneys for Mainstreet** | **THARRINGTON SMITH, L.L.P.**<br>**Attorneys for Defendants** |
|---|---|
| /s/ Anthony J. Biller<br>N.C. State Bar No.: 24,117<br>Emily M. Haas<br>N.C. State Bar No.: 39,716<br>1400 Crescent Green, Suite 300<br>Cary, NC 27518<br>Telephone: (919) 854-1844<br>Facsimile: (919) 854-2084<br>E-mail: abiller@coatsandbennett.com<br>        ehaas@coatsandbennett.com | /s/ Randall M. Roden<br>N.C. State Bar No.: 7287<br>Daniel W. Clark<br>N.C. State Bar No.: 15804<br>209 Fayetteville Street<br>Post Office Box 1151<br>Raleigh, NC 27602-1151<br>Telephone: (919) 821-4711<br>Facsimile: (919) 829-1583<br>E-mail: rroden@tharringtonsmith.com<br>E-mail: dclark@tharringtonsmith.com |

SO ORDERED, this the 14th day of _____, 2010.

_____
Chief United States District Judge

**EXHIBIT A**

**THE UNITED STATES EASTERN COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:09-cv-199-FL**

| | |
|---|---|
| THE MAINSTREET COLLECTION INC., <br><br> Plaintiff, <br><br> v. <br><br> LOIS HALL, and LOIS & FRIENDS LLC d/b/a MOUNTAIN MAMAS, <br><br> Defendants. | ) ) ) ) ) **NONDISCLOSURE AGREEMENT** ) **UNDER CONSENT PROTECTIVE** ) **ORDER** ) ) ) ) |

The undersigned, having read the Consent Protective Order ('Protective Order") entered in this action, having understood the terms of the Protective Order, and intending to be legally bound by the Protective Order, agrees as follows:

1. All information and documents disclosed to the undersigned under the terms and conditions of the Protective Order shall be used only in connection with the above-captioned action and shall not be used for any business or other purpose.

2. Such information and documents shall be disclosed to and discussed only with the parties' Outside Counsel and other persons so authorized under the terms of the Protective Order who have in accordance with the provision of Protective Order executed a similar Nondisclosure Agreement. Neither such documents and information nor information acquired or extracted from such documents will be divulged or made accessible to any other person, company, firm, news organization, or any other person or entity whatsoever, except in compliance with the Protective Order and this Nondisclosure Agreement. This Nondisclosure

Agreement does not limit the right of the signatory to testify at trial in this action or to prepare documents or other materials for submission at trial in this action.

3. The undersigned agrees to be bound by the terms of the Protective Order and to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of documents or information covered by the Protective Order.

4. The undersigned further agrees to return all information and documents in his or her possession or control (including all abstracts, summaries, descriptions, lists, synopses, pleadings, or other writings reflecting or revealing such information) and covered by the Protective Order, to the attorney from whom he or she received such documents and information within thirty (30) days after the termination of this litigation, including all appeals, or within thirty (30) days after the undersigned is no longer associated with this litigation, whichever comes first.

5. The undersigned acknowledges that a violation of the terms of the Protective Order may subject the undersigned and/or his/her employer to sanctions, including, but not limited to punishment for civil contempt.

Dated:_____

_____
Signature

_____
Printed Name

_____
_____
Address

_____
Employer(s)

2

Case 4:09-cv-00199-FL   Document 29   Filed 07/15/10   Page 16 of 16